UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRUAX WILLIAM GLASS | ) | |
|     Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | |
| | ) | |
| BOZZUTO'S, INC. | ) | |
|     Defendant | ) | NOVEMBER 5, 2021 |

## COMPLAINT

### Jurisdiction

1. The jurisdiction of this Court is founded upon 28 U.S.C. §1331 in that the action arises under the Age Discrimination in Employment Act, 29 U.S.C. §621 et. seq., and C.G.S. §46a-60 et. seq.

### Venue

2. Venue is proper in this district under 28 U.S.C. §1391(b) in that all of the events or omissions giving rise to the Plaintiff's claims occurred in this District and State, and the Defendant is a resident of the State in which this district is located

### The Plaintiff

3. At all relevant times herein, the Plaintiff, Truax William Glass ("The Plaintiff"), was an individual residing in the State of Connecticut.

### The Defendant

4. At all relevant times herein, the Defendant, Bozzuto's, Inc. ("The Defendant") was an entity with its principal office in Cheshire, Connecticut.

**The Preliminary Statement**

5. The Plaintiff seeks by this action to recover damages as a result of the Defendant's willful discrimination against him due to his age in violation of the Age Discrimination in Employment Act 29 U.S.C. §621 et. seq., and C.G.S. §46a-60 et. seq.

6. On or about January 13, 2021, the Plaintiff filed a claim with the Connecticut Commission on Human Rights and Opportunities ("CHRO") claiming illegal discrimination on the basis of age, which was dial-filed with the EEOC.

7. On or about August 12, 2021, the CHRO issued a Release of Jurisdiction to the Plaintiff.

8. On or about August 12, 2021, the EEOC issued a Right to Sue letter to the Plaintiff.

9. The Plaintiff has complied with the time and procedural requirements of C.G.S. §46a-60 et. seq.

**Facts**

10. The Plaintiff is a sixty-three (63) year old resident of Cheshire, Connecticut.

11. The Plaintiff was hired by the Defendant's President, Michael Bozzuto, on or around October 15, 2002 as the Defendant's Security Manager.

12. The Plaintiff worked for Defendant between approximately October 15, 2002 and August 27, 2020.

13. As of 2002, Michael Bozzuto was aware that Plaintiff was an employee of the Cheshire Police Department for twenty-two (22) years prior to being employed by Defendant.

14. For five years prior to filing the CHRO complaint Plaintiff was referred to as the Director of Security by Michael Bozzuto.

15. The Plaintiff had business cards listing his title as Director of Security.

16. The Plaintiff has no negative disciplinary history.

17. Starting approximately four years prior to the filing of the CHRO complaint Michael Bozzuto began inquiring into when the Plaintiff was going to retire.

18. During one of these inquiries Michael Bozzuto acknowledged that he believed the Plaintiff was older than him.

19. Michael Bozzuto was born August 12, 1956.

20. In the spring of 2020, during a conversation concerning Defendant's business and making changes in the security department, Michael Bozzuto once again inquired into when the Plaintiff was going to retire.

21. On the weekend of August 21-23, 2020, the Plaintiff provided security detail on an entirely volunteer basis for the Defendant's annually sponsored Dream Ride Event at the Farmington Polo Grounds in honor of the Hometown Foundation, Inc., a 501(c)(3) charitable foundation.

22. The property owner of the Farmington Polo Grounds is Town Farm Development LLC.

23. The Plaintiff provided entirely volunteer security detail services for the annual Dream Ride Event every year since he was employed by Defendant starting in 2002.

24. The Plaintiff did not receive any compensation from the Defendant or any other entity for his time working the annual Dream Ride Event.

25. On or about August 27, 2020, during a meeting with Michael Bozzuto, and Defendant's Vice President of Human Resources, Scott Grove, Plaintiff was notified his employment with Defendant was ending as a result of Plaintiff's consumption of alcohol on the evening of August 22, 2020, toward the end of the annual Dream Ride Event.

26. Carlos Landrau IV, approximately forty (40) years old at the time took over the Director of Security role after Plaintiff's termination.

27. Carlos Landrau IV is approximately twenty-two (22) years younger than the Plaintiff and does not possess the skills and expertise necessary to perform the job duties of Director of Security that Plaintiff has sufficiently performed for Defendant for approximately eighteen (18) years.

### FIRST COUNT:

1-27. Paragraphs 1 through 27 are re-alleged and hereby made and incorporated by reference as paragraphs 1 through 27 of the First Count as if fully set forth herein.

28. The Plaintiff is a member of a protected class based on his age.

29. The Defendant discriminated against the Plaintiff based on his age in violation of the Age Discrimination in Employment Act 29 U.S.C. §621 et. seq.

30. The Plaintiff was qualified and sufficiently performing his duties in his Director of Security position with the Defendant.

31. The Plaintiff suffered an adverse employment action when the Defendant terminated his employment after Defendant's President, Michael Bozzuto stated he believed Plaintiff was older than him and repeatedly inquired into Plaintiff's retirement plans.

32. The circumstances surrounding the adverse employment action give rise to a reasonable inference of discrimination because Plaintiff was replaced with an individual approximately twenty-two (22) years younger than him.

33. As a result of the Defendant's conduct alleged above, the Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. §621 et. seq.

34. As a result of the Defendant's unlawful, willful discrimination, the Plaintiff has suffered and continues to suffer damages.

## SECOND COUNT

1-34. Paragraphs 1 through 34 are re-alleged and hereby made and incorporated by reference as paragraphs 1 through 34 of the Second Count as if fully set forth herein.

35. The Plaintiff is a member of a protected class based on his age.

36. The Defendant discriminated against the Plaintiff based on his age in violation of C.G.S. §46a-60 et. seq.

37. The Plaintiff was qualified and sufficiently performing his duties in his Director of Security position with the Defendant.

38. The Plaintiff suffered an adverse employment action when the Defendant terminated his employment after Defendant's President, Michael Bozzuto stated he believed Plaintiff was older than him and repeatedly inquired into Plaintiff's retirement plans.

39. The circumstances surrounding the adverse employment action give rise to a reasonable inference of discrimination because Plaintiff was replaced with an individual approximately twenty-two (22) years younger than him.

40. As a result of the Defendant's conduct alleged above, the Defendant violated C.G.S. §46a-60 et. seq.

41. As a result of the Defendant's unlawful, willful discrimination, the Plaintiff has suffered and continues to suffer damages.

WHEREFORE, the Plaintiff prays this Court:
a. Assumes jurisdiction of this action;
b. Reinstate Plaintiff to his Director of Security position;
c. Award Plaintiff compensatory damages as a result of the Defendant's willful violation of the ADEA, 29 U.S.C. §621 et. seq.;
d. Award Plaintiff reasonable attorneys' fees under 42 U.S.C. §12205, and C.G.S. §46a-60(b)(1);
e. Award costs of this action;
f. Award interest;
g. Grant such other and further relief as may appear to this Court to be equitable, just, and proper.

PLAINTIFF HEREBY REQUESTS A JURY TRIAL ON ALL COUNTS.

THE PLAINTIFF,
TRUAX WILLIAM GLASS

BY: _____
Rebecca S. Malinguaggio (ct30549)
Michael E. Satti Attorney at Law, LLC
125 Eugene ONeill Drive, Suite 105
New London, CT 06320
Phone: (860) 599-5988
Fax: (860) 442-4420
Email: rebeccam@satti-law.com
-HIS ATTORNEY-